IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAPLEY** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 20-0864 |
| | : | |
| **TRANS UNION, LLC et al.,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

Before the Court in this Federal Credit Reporting Act case is movant Cynthia Zoccali's pro se motion to intervene. *See* ECF No. 50. For the reasons that follow, the motion will be denied.

### I.   Background

Plaintiff Robert Shapley sued Defendant PHH Mortgage Services and other since-dismissed defendants for alleged violations of the Fair Credit Reporting Act (FCRA) stemming from a 2018 loan modification agreement that appeared on Plaintiff's credit report. As recounted in PHH's motion to enforce the settlement agreement, Plaintiff and his daughter co-signed a note secured by a mortgage encumbering real property in Spring City, PA. *See* ECF No. 51. Plaintiff and his daughter were later offered a Loan Modification Agreement. In his complaint, Plaintiff alleged that he never executed (in fact, that his signature was forged on) the Loan Modification Agreement that formed the basis for the mortgage obligation and reported tradeline that then appeared on his credit report. Plaintiff

allegedly disputed the trade line with PHH and the credit rating bureaus, but it nonetheless appeared on his credit report in alleged violations of the FCRA.

After Plaintiff settled his case against the credit bureaus and dismissed as to those defendants, *see* ECF Nos. 21 & 22, 28 & 29, 30 & 32, Plaintiff and PHH participated in a Settlement Conference before Magistrate Judge Jacob P. Hart on September 3, 2020, *see* ECF No. 37. The parties agree that they reached oral agreement to settle the case at the September 3 conference. *See* ECF No. 42.

It having been reported that the issues were settled, the Court ordered the action dismissed with prejudice pursuant to Local Rule 41.1(b) on September 3, 2020. *See* ECF No. 39. The Clerk then closed the case.

Over two months later, Plaintiff contacted Chambers to request the Court's assistance because issues had arisen in finalizing the settlement agreement. The Court ordered Plaintiff and PHH to meet and confer and file a status report as to any settlement issues between them. *See* ECF No. 41. The parties did so, *see* ECF No. 42, and the Court scheduled a phone conference for November 24. *See* ECF No. 43.

The morning the phone conference was to be held, Plaintiff's daughter, movant Cynthia Zoccali, filed a Motion to Intervene. *See* ECF No. 45, later corrected in ECF Nos. 46 and 50. Her pro-se motion alleges that PHH and PHH's

attorneys in Plaintiff's case have violated numerous federal statutes and seeks a stay to prohibit foreclosure of the property underlying the mortgage at issue in this case, among other relief. *See* ECF 50. The Court accordingly canceled the scheduled phone conference between the parties, directed Plaintiff to file a motion specifically laying forth the reasons why the order of dismissal should be vacated, directed the parties to respond to movant Zoccali's Motion to Intervene, and directed PHH to file a motion to enforce the settlement agreement, if it so desired, by December 3, 2020. The parties complied with the Court's directive. Movant Zoccali's Motion to Intervene (ECF No. 50), the parties' responses thereto (ECF Nos. 53, 56), and Movant Zoccali's filings (ECF Nos. 57 and 59), to the extent that they can be construed as reply briefs regarding her Motion to Intervene, are now before the Court.

## II.   Discussion

Zoccali states she intervenes to protect her interest in the property underlying the dispute. She alleges that Defendant and Defendant's attorneys seek retaliation against her for the instant lawsuit by threatening an illegal and fraudulent foreclosure of the property at issue. Specifically, she alleges that Defendant PHH stopped taking her mortgage payments and thereby violated nearly 30 statutes and/or regulations. She also alleges certain facts identical to the case at hand; namely, that the Loan Modification Agreement was forged. Accordingly,

she seeks to intervene in Plaintiff's case and seeks the following relief: that the Court stay foreclosure on the property underlying the Loan Modification at issue, order judgment for Plaintiff and Intervenor that PHH has no claim or right to the property in dispute, order PHH's conduct negligent, award Intervenor $5 million in damages, and award other appropriate relief.

Civil Rule 24 describes how a non-party may intervene a case. On timely motion, the Court must permit anyone to intervene who, as potentially relevant here, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed R. Civ. P. 24(a). A litigant seeking to intervene as a right must establish: (1) "a timely application for leave to intervene;" (2) "a sufficient interest in the litigation;" (3) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action;" and (4) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998) (citations omitted).

Alternatively, on timely motion, the Court *may* permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or

fact." *Id.* 24(b)(1).  For permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* 24(b)(3).  For both forms of intervention, "the motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Id.* 24(c).  Movant Zoccali has not met the requirements of Rule 24.

Zoccali's motion is untimely.  "To the extent the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994).  Courts must also consider "the stage of the proceeding," "the prejudice that delay may cause the parties," and "the reason for the delay." *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995).  A "motion to intervene after entry of a decree should be denied except in extraordinary circumstances," *In re Fine Paper Antitrust Litig.*, 695 F.2d 494 (3d Cir. 1982) (citations omitted), though "intervention has been allowed even after the entry of a judgment, *Mountain Top*, 72 F.3d at 370.

Zoccali seeks to intervene in a dismissed and settled action.  Without expressing any opinion as to the merits of Plaintiff's Motion to Vacate the

Judgment or Defendant's Motion to Enforce the Settlement Agreement at this time, the Court recognizes that the case is currently settled and closed. Therefore, as of now, extraordinary circumstances must be present in order for the Court to grant Zoccali's motion, and they are not.

Zoccali and Plaintiff both admit that Zoccali was aware of this litigation well before the case settled and closed. Assuming *arguendo* that Zoccali's interests are implicated in Plaintiff's FCRA suit, she was aware of the dispute and all attendant issues much earlier in the litigation. *See* Motion to Intervene at 9 ("[D]iscovery [in May 2020] is done by Plaintiff and his attorney Brent Vulings [sic] with the help of his daughter, Intervenor."). And to the extent that foreclosure of the property at issue implicates her rights, as explained below, that issue is not the subject of her father's action. Therefore, Zoccali's Motion to Intervene is untimely.

Second, Zoccali does not have a sufficient interest in the litigation. Both parties agree that some of Zoccali's disputes are similar to the facts at issue in this litigation. For example, Zoccali claims that her father's signature was forged on the Loan Modification. *See* Motion to Intervene at 4. Again, to the extent that the alleged forgery implicated Zoccali's interests, she should have moved to intervene earlier. But Zoccali's actual dispute is that PHH and PHH's attorneys in this case are retaliating against her for her father's suit by seeking foreclosure of the property and that PHH has unlawfully denied her payments. Her dispute does not

satisfy the requirement of Rule 24(a)(2), which requires a movant to "claim an interest relating to the property or transaction that is the subject of the action." Fed R. Civ. P. 24(a)(2). There is no actual property at issue in Plaintiff's action. Plaintiff brought a FCRA claim about an incorrect item on his credit report. To be sure, Plaintiff alleges that PHH caused Plaintiff's credit report to include a fraudulent Loan Modification regarding the mortgage of the property Zoccali seeks to prevent PHH from foreclosing on, but that does not transform Plaintiff's FCRA claim into an action about property. Nor can Zoccali claim an interest relating to the transaction that is the subject of Plaintiff's action. The relevant transaction is the reporting of the Loan Modification on Plaintiff's credit report, and Zoccali has not and cannot claim an interest regarding her father's credit report. Therefore, she has not shown a "sufficient interest in the litigation." *Kleissler*, 157 F.3d at 969.[1]

Finally, Zoccali has not shown that permissive intervention is warranted. A court may, in its discretion, grant intervention where a "claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 24(b)(1)(B). Although Zoccali's filing brings roughly 30 causes of action, they all seem to relate to the foreclosure of the property, and do not have common

---

1 Nothing in this discussion should be construed as a reflection on the merits of Plaintiff's Motion to Vacate Judgment or Defendant's Motion to Enforce the Settlement Agreement.

questions of law with respect to Plaintiff's FCRA action. The only common question of fact is Plaintiff's allegedly forged signature, but that fact alone is insufficient to warrant permissive intervention given the breadth of facts that would be necessary to prove movant's claim and the prejudice to PHH that would ensue should permissive intervention be granted.

### III.   CONCLUSION

Because neither intervention as of right or permissive intervention is warranted, movant Zoccali's Motion to Intervene will be denied. Zoccali may pursue her interests in a separate lawsuit. An appropriate order will follow.